Alonzo Jimmy RAMIREZ,
Appellant (Defendant),

v.

STATE of Wyoming, Appellee
(Plaintiff).

No. 90–155.

Supreme Court of Wyoming.

Nov. 7, 1990.

Wyoming Public Defender Program, Leonard D. Munker, State Public Defender, Steven E. Weerts, Sr. Asst. Public Defender, David Gosar, Appellate Counsel, for appellant.

Joseph B. Meyer, Atty. Gen., John W. Renneisen, Deputy Atty. Gen., Karen A. Byrne, Paul S. Rehurek, Sr. Asst. Attys. Gen., for appellee.

Before URBIGKIT, C.J., and
THOMAS, CARDINE, GOLDEN and
MACY, JJ.

THOMAS, Justice.

The only question to be resolved in this case is whether the sentencing court abused its discretion in refusing to correct the sentence of Alonzo Jimmy Ramirez (Ramirez) by crediting him with presentence incarceration time in the amount of 334 days against his minimum sentence upon his application for relief pursuant to a "Motion to Correct Sentence" that cited Rule 36, W.R.Cr.P. It is our conclusion that the original sentence, which failed to credit Ramirez with presentence incarceration time

against his minimum term, was an illegal sentence in light of *Renfro v. State*, 785 P.2d 491 (Wyo.1990). The refusal of the trial court to correct the illegal sentence is an abuse of discretion, and we reverse the "Order Denying Motion to Correct Sentence" and remand the case to the district court for the entry of a judgment and sentence granting that credit.

Ramirez states the question in this case to be:

"Whether *Renfro* requires that appellant receive credit for presentence incarceration time off his minimum sentence."

In its Brief of Appellee, the State of Wyoming articulates the question to be:

"Should appellant receive credit against his minimum term of sentence, and should *Renfro* be modified to make the sentencing court solely responsible for decisions regarding presentence incarceration credit?"

▪ The parties agree that *Renfro* requires that Ramirez receive credit against the minimum term of his sentence. The case then relates only to whether the executive department of government can, and should, award that credit or whether the credit must be awarded by the judicial department. We have no equivocation in recognizing that the judgment and sentence, which failed originally to award Ramirez credit for presentence incarceration time against his minimum term, is an illegal sentence. *Renfro* clearly so holds. In pertinent part, Rule 36, W.R.Cr.P., provides:

"The court may correct an illegal sentence at any time * * *."

A motion to correct an illegal sentence is addressed to the sound discretion of the trial court but, if the sentence in fact is illegal, that discretion is limited. *See Renfro; Lightly v. State*, 739 P.2d 1232 (Wyo. 1987); *Price v. State*, 716 P.2d 324 (Wyo. 1986). We can discern no situation in which a trial court can refuse to correct a sentence that does not award credit for presentence incarceration time against the minimum term. The refusal to so correct the sentence must constitute an abuse of discretion. Consequently, this case must be reversed and remanded to the district court for that court to enter a judgment and sentence providing that Ramirez receive credit for the presentence incarceration time, agreed to be 334 days, against the minimum term of his sentence.

It is clear to the court that this appeal emanates from the concern of the executive department of government with respect to its obligation to credit presentence incarceration time against the minimum term if the trial court has not done so. We perceive no inherent barrier to the exercise of that authority by the executive department of government. It is clear that each month a rather complex calculation of the remaining time to be served by prisoners in the state penitentiary, upon both minimum and maximum terms, is accomplished in connection with several levels of credit earned for good time. It is extremely difficult to fathom why, in making that computation, the executive department of government could not deduct 334 days of presentence incarceration time from Ramirez' minimum term.

The State, in its brief, recites a sequence of potential situations that would make this determination difficult for the executive department. We have seen no empirical information that serves to demonstrate the actuality or number of those circumstances. If the executive department of government should choose to manifest cooperation with the judicial department by crediting prisoner sentences in accordance with *Renfro*, this court would applaud that effort.

▪ In its brief, the State suggests, correctly, that the effect of *Renfro* is to adopt Standard 18–4.7(a) of the ABA Standards for Criminal Justice. Standard 18–6.8, III ABA Standards for Criminal Justice (2d ed. 1980), articulates the procedure for awarding credit. It provides:

"The credit required by standard 18–4.7 should be awarded in the following manner:

"(a) The parties should communicate to the court at the time of sentencing the facts upon which credit for time served prior to sentencing will be based;

"(b) The court should inform the defendant at the time of sentencing of the

defendant's status on the issue of credit for time previously served;

"(c) The court should assure that the record accurately reflects the facts upon which credit for time served prior to sentencing will be computed, but, to avoid possible ambiguities, the court should not itself award such credit or otherwise reduce the sentence for time served;

"(d) The custodian should communicate to the prison authorities at the time the defendant is delivered for commitment the amount of time spent in custody since the imposition of sentence;

"(e) The credit to be awarded against the sentence should be computed by the prison authorities as soon as practicable and automatically awarded;

"(f) The prison authorities should inform the defendant of his or her status as soon as practicable; and

"(g) The defendant should be afforded an avenue of postconviction review for the prompt disposition of questions which may arise as to the amount of credit which should have been awarded."

This procedure appears to be simple and appropriate, and should be pursued in the future in crediting convicted persons with time served in presentence confinement. It satisfies substantially all of the objections voiced by the State in its brief.

In an instance such as this, in which the facts are substantially settled according to the foregoing standard, we are of the opinion that the presentence confinement simply should be taken into account by the authorities at the Wyoming State Penitentiary or the Wyoming Women's Prison when determining release dates. It would seem that only in the few instances in which there is some real dispute about the credit that it would be necessary to insist that the convicted person return to the court for obvious relief.

Reversed and remanded for entry of a judgment and sentence in accordance with this opinion.