Glen M. PARKER, Appellant (Defendant),

v.

The STATE of Wyoming, Appellee (Plaintiff).

No. 93–37.

Supreme Court of Wyoming.

Oct. 12, 1994.

Glen M. Parker, pro se.

Joseph B. Meyer, Atty. Gen., Sylvia L. Hackl, Deputy Atty. Gen., Barbara L. Boyer, Sr. Asst. Atty. Gen., Theodore E. Lauer, Director, Pros. Assistance Program, and Edna Young, Student Intern, for appellee.

Before GOLDEN, C.J., and THOMAS, CARDINE,* MACY ** and TAYLOR, JJ.

TAYLOR, Justice.

Appellant, Glen M. Parker (Parker), pled guilty to two counts of incest. After he had begun serving consecutive sentences for his admitted crimes, Parker challenged the legality of the sentences. Acting on a motion to correct an illegal sentence, the district court credited Parker with time served in presentence incarceration and denied all other relief. Parker claims the district court erred.

We affirm.

## I. ISSUES

The pro se brief Parker filed with this court generally identifies four issues on appeal: (1) whether the district court erred in its ruling on the motion to correct an illegal sentence; (2) whether the district court acted without jurisdiction because the victim delayed reporting the crimes; (3) whether the district erred in imposing consecutive sentences in violation of double jeopardy provisions; and (4) whether ineffective assistance

---

* Retired July 6, 1994.

** Chief Justice at time of conference.

of counsel resulted in an illegal and unconstitutional sentence.

## II. FACTS

On February 14, 1989, Parker pled guilty to two counts of incest. Wyo.Stat. § 6–4–402(a)(ii) (1977 & Supp.1987). *See* Wyo.Stat. § 6–4–402 (1988 & Supp.1994). The district court sentenced Parker to serve a term of not less than four nor more than five years on each count at the Wyoming State Penitentiary. The sentences were to be served consecutively.

On June 9, 1992, Parker filed a motion to correct an illegal sentence. In addition to a request for credit for presentence incarceration time, Parker asserted that his sentences were illegal. Parker claimed the district court acted without jurisdiction because the victim failed to make a timely report of the crimes to law enforcement officials. Parker also contended that his consecutive sentences violated double jeopardy provisions of the state and federal constitutions. Finally, he claimed his sentences were illegal and unconstitutional due to ineffective assistance of counsel.

Following a hearing, the district court ordered that Parker receive a credit of fifty-eight days off the minimum and maximum terms of his sentences for time served in presentence incarceration. The district court denied any additional relief. In its order, the district court addressed the issues raised by Parker and found:

1. The Court did not lose jurisdiction over the criminal offense due to passage of time.

2. Defendant's consecutive sentencing did not violate the double jeopardy clauses of either the State or Federal Constitutions.

3. The ineffective assistance of counsel claim is not properly before the Court because it is not proper to bring it under [W.R.Cr.P. 35].

## III. DISCUSSION

Wyoming law provides a procedure to correct an illegal sentence.

**Rule 35. Correction or reduction of sentence.**

(a) *Correction.*—The court may correct an illegal sentence at any time. Additionally the court may correct, reduce, or modify a sentence within the time and in the manner provided herein for the reduction of sentence.

(b) *Reduction.*—A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within one year after the sentence is imposed or probation is revoked, or within one year after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within one year after entry of any order or judgment of the Wyoming Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision. The court may determine the motion with or without a hearing.

W.R.Cr.P. 35 (hereinafter Rule 35). A motion to correct an illegal sentence, particularly one under Rule 35(b), is addressed to the sound discretion of the district court; however, if the sentence is *ab initio* illegal, discretion is limited. *Ramirez v. State*, 800 P.2d 503, 504 (Wyo.1990); *Peper v. State*, 776 P.2d 761, 761 (Wyo.1989); *Peterson v. State,* 706 P.2d 276, 278 (Wyo.1985). The motion Parker filed with the district court was brought under the provision of Rule 35(a) which permits the court to correct an illegal sentence at any time. Therefore, the one year jurisdictional time limit of Rule 35(b) does not apply.

Inherent in the language of Rule 35(a) is a distinction between an "illegal sentence" and other potential problems in sentencing, such as a sentence which is imposed in an illegal manner. In *Hill v. United States*, 368 U.S. 424, 430, 82 S.Ct. 468, 472, 7 L.Ed.2d 417 (1962), the Supreme Court of the United States addressed this distinction. As Hill was being sentenced for two federal convictions, the trial court failed to ask if Hill

wished to make a statement on his own behalf. *Id.* at 425, 82 S.Ct. at 469. *See* W.R.Cr.P. 32(c)(1)(C). Hill sought relief from his sentences in a collateral attack. The court held that the "narrow function" of a motion to correct an illegal sentence "is to permit correction at any time of an illegal *sentence,* not to re-examine errors occurring at the trial or other proceedings prior to the imposition of sentence." *Hill,* 368 U.S. at 430, 82 S.Ct. at 472 (emphasis in original).

This court has recognized that an "illegal sentence" is one that exceeds the relevant statutory maximum. *Capwell v. State,* 686 P.2d 1148, 1154 (Wyo.1984). We have also recognized an illegal sentence as one which orders post incarceration restitution absent statutory authority. *Bishop v. State,* 687 P.2d 242, 247–48 (Wyo.1984), *cert. denied,* 469 U.S. 1219, 105 S.Ct. 1203, 84 L.Ed.2d 345 (1985). In *Ramirez,* 800 P.2d at 504, we held that a district court abused its discretion by failing to grant a motion to correct an illegal sentence. The illegal sentence resulted from the failure to grant credit for presentence incarceration time as required by our decision in *Renfro v. State,* 785 P.2d 491, 498–99 (Wyo.1990).

■ The district court correctly ruled that Parker was entitled to fifty-eight days of credit for presentence incarceration time. *Id.* The judgment and sentences originally failed to award credit for presentence incarceration time. To that extent, the sentences were illegal under Wyoming law and correction was permitted by a motion under Rule 35(a). *Ramirez,* 800 P.2d at 504. However, Parker contends the district court erred by denying additional relief.

■ Parker initially challenges the district court's jurisdiction to impose any sentences due to the delay between the criminal acts and the victim's report to the police. On April 29, 1988, the victim reported to the Casper, Wyoming Police Department that she had been sexually assaulted by Parker on numerous occasions. The most recent assault occurred in August of 1983. After investigating the report, Fremont County, Wyoming authorities filed a criminal complaint against Parker on May 26, 1988.

Wyoming has no statute of limitations governing prosecution of criminal offenses. *Story v. State,* 721 P.2d 1020, 1026–27 (Wyo.), *cert. denied,* 479 U.S. 962, 107 S.Ct. 459, 93 L.Ed.2d 405 (1986). "Where no statute of limitations pertaining to criminal offenses has been adopted, prosecution for such an offense may be commenced at any time during the life of the offender." *Id.* at 1026. Therefore, under Wyoming law, the sentencing was not barred by any statute of limitation. Remaining claims of error related to non-jurisdictional defenses and objections to pretrial proceedings were waived when Parker changed his pleas to guilty. *Ochoa v. State,* 848 P.2d 1359, 1361–62 (Wyo.1993). Additionally, these claims of error could not be addressed under a motion to correct an illegal sentence. *Hill,* 368 U.S. at 430, 82 S.Ct. at 472.

In *Hill,* the United States Supreme Court identified an illegal sentence as a sentence which is in excess of the relevant statutory provision; a sentence which violates double jeopardy provisions by imposing multiple terms for the same offense; or a sentence where the language of the sentence itself is legally or constitutionally invalid in some other respect. *Hill,* 368 U.S. at 430, 82 S.Ct. at 472. *See also,* 8A James W. Moore, *Moore's Federal Practice,* ¶ 35.07[2] (2nd ed. 1991). The language of the former federal rule of criminal procedure at issue in *Hill,* was identical to the pertinent provision in W.R.Cr.P. 35(a). *Hill,* 368 U.S. at 430 n. 7, 82 S.Ct. at 472 n. 7. *See Mehring v. State,* 860 P.2d 1101, 1107 (Wyo.1993) (recognizing that "[i]n adopting rules which are substantially similar to the Federal Rules of Criminal Procedure, this court has traditionally given great weight to relevant precedent from federal courts, particularly the Supreme Court of the United States."). Recently, however, in *DeSpain v. State,* 865 P.2d 584, 588–89 (Wyo. 1993), this court held that claims alleging a violation of double jeopardy were not cognizable under the language of W.R.Cr.P. 35. Instead, such challenges must be brought as a petition for post-conviction relief under Wyo.Stat. §§ 7–14–101 to 7–14–108 (1987 & Cum.Supp.1994). *DeSpain,* 865 P.2d at 589. Parker filed his motion to correct an illegal sentence and this appeal prior to the publica-

tion of *DeSpain.* We need not address, however, whether *DeSpain* will be given only prospective or retrospective application. *See Farbotnik v. State,* 850 P.2d 594, 601–03 (Wyo.1993) (discussing rules for retrospective application of decisions). Our analysis of the substantive challenge brought by Parker reveals *no infringement of double jeopardy* provisions.

Parker argues that his consecutive sentences violate double jeopardy provisions against multiple punishments for the same offense. Parker contends that since he committed two acts of sexual intrusion at the same time and place, the sentences imposed for those crimes should be merged. *See Rivera v. State,* 840 P.2d 933, 943–44 (Wyo. 1992). We disagree.

The Fifth Amendment provision against double jeopardy as enforced against the states through the Fourteenth Amendment provides three separate constitutional guarantees. *Benton v. Maryland,* 395 U.S. 784, 794, 89 S.Ct. 2056, 2062, 23 L.Ed.2d 707 (1969). "It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969) (footnotes omitted). Wyoming's double jeopardy provision assures the same guarantees as the federal constitution. *State v. Keffer,* 860 P.2d 1118, 1129 (Wyo.1993); *Hopkinson v. State,* 664 P.2d 43, 68 (Wyo.), *cert. denied,* 464 U.S. 908, 104 S.Ct. 262, 78 L.Ed.2d 246 (1983); Wyo.Const. art. 1, § 11.

"The court that exceeds its own authority by imposing multiple punishments not legislatively authorized violates the guarantee against double jeopardy." *Keffer,* 860 P.2d at 1131. This court has previously determined that the Wyoming legislature intended to define sexual intercourse, fellatio and other acts of sexual intrusion as *"separate and distinct crimes * * *."* *Padilla v. State,* 601 P.2d 189, 193 (Wyo.1979) (emphasis added). In *Baum v. State,* 745 P.2d 877, 882 (Wyo.1987), we held that separate and distinct acts of sexual intrusion, even ones

separated in time only by a matter of seconds, could properly be punished as separate crimes without violating double jeopardy provisions.

When Parker changed his pleas, he entered pleas of guilty to two separate counts of incest based on two separate acts of sexual intrusion that occurred in August of 1983. One count involved the sexual intrusion of sexual intercourse, the other count involved the sexual intrusion of fellatio. While both crimes involved the same situation, sexual intercourse and fellatio are two separate and distinct crimes. *Padilla,* 601 P.2d at 193. "As used in the Double Jeopardy Clause, 'same offense' means 'the same crime, not the same transaction, acts, circumstances, or situation.'" *Cook v. State,* 841 P.2d 1345, 1347 (Wyo.1992) (*quoting* Black's Law Dictionary 1081 (6th ed. 1990)). Therefore, each act constituted a separate crime for which Parker could be separately sentenced without violating double jeopardy provisions. *Baum,* 745 P.2d at 882.

Finally, Parker declares that his Sixth Amendment rights have been violated due to ineffective assistance of counsel. Parker specifically complains that his counsel failed to investigate a possible alibi defense. Actions commenced under Rule 35 are limited to the "narrow function" of correcting an illegal sentence and do not permit inquiry into potential errors in proceedings prior to the imposition of sentence. *Hill,* 368 U.S. at 430, 82 S.Ct. at 472. Parker has chosen the wrong procedure to bring a claim of ineffective assistance of counsel before this court and we decline to address the issue.

## IV. CONCLUSION

The district court properly credited Parker with fifty-eight days of presentence incarceration time. However, Parker was not entitled to any other relief. The procedure by which an illegal sentence is corrected imposes restrictions on the district court's ability to consider claims of error. Rule 35 does not provide a means for collateral attack of a conviction and a legal sentence. Rule 35 is

not a substitute for an appeal as of right or appropriate post-conviction relief measures.

We affirm.