Thomas J. CARDENAS, Appellant (Defendant),

v.

The STATE of Wyoming, Appellee (Plaintiff).

No. 96–121.

Supreme Court of Wyoming.

Oct. 17, 1996.

Thomas J. Cardenas, pro se.

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Sr. Assistant Attorney General; Mark T. Moran, Assistant Attorney General for appellee (plaintiff).

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

GOLDEN, Justice.

Appellant Thomas J. Cardenas appeals the denial of his motion to correct or vacate an illegal sentence under WYO.R.CRIM.P. 35(a). We affirm.

Cardenas presents these issues for our review:

I. This Court committed error in a prior appeal regarding the issues in this case that are to (sic) fundamental to ignore in that the result now introduced into the product of preliminary hearings, preclusively mandates rights which counsel can demand to permit sufficiency of examination at the preliminary hearing; further this case establishes a due process rights at preliminary examination to develop not just *discovery*, but *trial* like deposition type evidence, which cannot stand as being constitutional.

II. Whether due process, confrontation of witnesses, underlying values of the hearsay rule fundamental fairness are violated by the admission at trial of prior testimony of the victim given at a preliminary hearing.

III. Whether Appellant's constitutional rights were violated under state and federal law, and under the Constitution and the laws of the United States when prior case law restricted the motive and opportunity for cross-examination at the preliminary hearing; where applicable law has limited the time and the opportunity for investiga-

tion and discovery before the preliminary hearing; there was no indication that the witness would be unavailable for trial removing any incentive for a thorough cross-examination.

The State restates the issue as:

Whether the District Court correctly denied Appellant's motion to correct an illegal sentence.

## FACTS

In 1989, Cardenas was convicted by a jury of attempted first degree sexual assault, aggravated assault and battery and interference with a police officer and sentenced to a term of not less than forty-five years nor more than fifty years for attempted first degree sexual assault, a minimum of eight years and a maximum of ten years for aggravated assault and battery and a maximum of six years for interference with a police officer. The district court ordered the sentences for attempted first degree sexual assault and aggravated assault to run concurrently and the sentence for interference with a police officer to run consecutively to the other two sentences.

One of the issues addressed by this Court in Cardenas' direct appeal from conviction concerned the use of the deceased victim's preliminary hearing testimony at trial. *Cardenas v. State*, 811 P.2d 989, 991–93 (1991). Cardenas' present motion to correct an illegal sentence again raises those issues which had been decided against him in the previous direct appeal from his conviction.

## DISCUSSION

 Cardenas attacks the use of a victim's preliminary hearing testimony at trial under a hearsay exception and does not challenge the sentence imposed. WYO.R.CRIM.P. 35 has the narrow function to permit correction at any time of an illegal sentence. The rule is not available to re-examine errors occurring at the trial or other proceedings prior to the imposition of the sentence. *Ellett v. State*, 883 P.2d 940, 942 (Wyo.1994). An illegal sentence is a sentence which exceeds the statutory limits, a sentence which imposes multiple terms for the same offense,

or a sentence whose terms violate a constitution or law. *Ellett*, 883 P.2d at 942.

The sentence imposed by the district court, although lengthy, fell within the terms prescribed by the legislature. Attempted sexual assault is a felony punishable by not less than five years nor more than fifty years, aggravated assault and battery is a felony punishable by imprisonment for not more than ten years, and felony assault on a police officer is punishable by imprisonment for not more than ten years. WYO.STAT § 6–2–306 (Cum.Supp.1996); WYO.STAT. § 6–2–502(b) (1988); WYO.STAT. § 6–5–204(b) (Cum.Supp. 1996). Additionally, the district court established a minimum and maximum term as required by WYO.STAT. § 7–13–201 (1995).

A denial of a motion brought under Rule 35 is reviewed to determine whether the district court has abused its discretion. *Ellett*, 883 P.2d at 942. The sentence in this case was not illegal. The error alleged by Cardenas, that pretrial and trial error occurred, is not a claim of an illegal sentence which can be addressed by a motion under this rule. The district court did not abuse its discretion by denying the motion.

Affirmed.