Clarence W. SMITH, Appellant (Defendant),

v.

The STATE of Wyoming, Appellee (Plaintiff).

No. 97–221.

Supreme Court of Wyoming.

Dec. 18, 1998.

Clarence W. Smith, pro se., for Appellant.

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Georgia L. Tibbetts, Senior Assistant Attorney General, for Appellee.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and TAYLOR,* JJ.

LEHMAN, Chief Justice.

Appellant Clarence W. Smith pled guilty to three counts of taking indecent liberties with a minor, as proscribed by W.S. 14–3–105. Smith appeals from the district court's order denying his motion to correct an illegal sentence.

We affirm.

Smith, appearing pro se for this appeal, presents the following issue for review: "Did the Judge err in denying Appellant[']s Motion to Correct an Illegal Sentence?"

### FACTS

On July 14, 1995, a criminal information was filed charging Smith with two counts of taking indecent liberties with his stepdaughters, KK and KW. An amended information was filed on July 27, charging Smith with three counts of second degree sexual assault against 17–year–old KK, in violation of W.S. 6–2–303(a)(vi), and one count of indecent liberties against 13–year–old KW, in violation of W.S. 14–3–105. Specifically it was alleged that Smith had sexual intercourse with KK on three occasions and that he committed indecent and immoral acts upon KW when he pulled her onto his lap and began kissing her as he moved his hand across her body and rubbed her crotch area.

Smith initially pled not guilty to the charges. However, on October 19, 1995, Smith entered into a plea agreement with the State whereby he agreed to plead guilty to three counts of indecent liberties, two counts involving KK and one involving KW. In exchange, the State agreed to dismiss the three counts of second degree sexual assault involving KK.

Pursuant to the plea agreement, Smith pled guilty to three counts of indecent liberties. Prior to accepting Smith's pleas, the court discussed the terms of the plea agreement, the charges against him, and the potential penalties associated with those charges. The court advised Smith of his constitutional rights and the rights he would waive if he entered a guilty plea. Smith affirmatively answered the court's questions as to whether his pleas were voluntary and of his own free will and not the result of threats or coercion.

Smith provided a factual basis in support of his guilty pleas involving KK, which the court accepted. He failed, however, to provide a sufficient factual basis to support his guilty plea with respect to KW. The court initially declined to accept Smith's guilty plea on that charge. However, at the request of defense counsel and without objection from Smith, the court accepted the State's offer of proof and then agreed to accept the plea.

Following completion of the presentence investigation, Smith was sentenced on January 18, 1996, to two concurrent terms of imprisonment of five to seven years for the charges involving KK, and one consecutive term of imprisonment of two to three years for the charge involving KW. Smith did not appeal the judgment and sentence entered on January 23, 1996, but he subsequently filed numerous motions for a sentence reduction, which were summarily denied by the district court. On May 22, 1997, Smith filed a motion to correct an illegal sentence pursuant to W.R.Cr.P. 35(a). The motion challenged the validity of Smith's guilty plea with respect to the charge involving KW on the basis that it was not voluntarily made. The district court denied the motion on May 28, 1997, and Smith timely appealed.

### DISCUSSION

██ "[T]he narrow function of Rule 35 is to permit correction at any time of an

---

* Chief Justice at time of expedited case conference; retired November 2, 1998.

illegal *sentence,* not to re-examine errors occurring at the trial or other proceedings prior to the imposition of the sentence." *Ellett v. State,* 883 P.2d 940, 942 (Wyo.1994) (quoting *Hill v. United States,* 368 U.S. 424, 430, 82 S.Ct. 468, 472, 7 L.Ed.2d 417 (1962) (emphasis in original)). An illegal sentence is a sentence which exceeds the statutory limits, a sentence which imposes multiple terms for the same offense, or a sentence whose terms violate a constitution or law. *Ayers v. State,* 949 P.2d 469, 470 (Wyo.1997); *Cardenas v. State,* 925 P.2d 239, 240 (Wyo. 1996). A motion to correct an illegal sentence under Rule 35(a) presupposes a valid conviction and may not be used to address issues concerning the validity of the conviction. *Evans v. State,* 892 P.2d 796, 797 (Wyo. 1995).

 A denial of a motion brought under Rule 35 is reviewed to determine whether the district court abused its discretion. *Ellett,* 883 P.2d at 942. Smith does not contend that the sentence imposed falls outside the statutorily imposed limits, results in multiple terms for the same offense, or that the terms of the sentence itself are legally or constitutionally invalid in any respect. Smith attacks the voluntariness of his guilty plea and, thus, his conviction involving KW. This is not a claim of an illegal sentence, but rather a challenge to the plea proceedings leading to the imposition of his sentence. As discussed above, Rule 35(a) does not provide a means for Smith to collaterally attack the validity of his conviction and cannot be used as a substitute for an appeal of right or other post-conviction remedies. The district court did not abuse its discretion when it denied the motion.

Affirmed.