Richard MEAD, Appellant (Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 97–247.

Supreme Court of Wyoming.

April 14, 2000.

Representing Appellant: Richard Mead, Pro Se.

Representing Appellee: William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; and D. Michael Pauling, Senior Assistant Attorney General.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and TAYLOR,* JJ.

THOMAS, Justice.

Richard Mead (Mead), representing himself, claims plain error in the revocation of his probation by the district court. In the district court, Mead sought relief by a Motion for Correction [of an] Illegal Sentence, relying on W.R.Cr.P. 35(a). Mead failed, however, to present the district court with any claim of illegality in his sentence. In due course, the district court entered an order denying Mead's motion. Three days later, Mead filed a Motion for Sentence Reduction, relying on W.R.Cr.P. 35(b). The same day, the district court entered an Order Denying Reduction of Sentence. In his Notice of Appeal, Mead specifically refers to and appeals only from the order denying his motion to correct his sentence. Any claim of error in those proceedings is foreclosed by the doctrine of *res judicata.* Furthermore, no valid ground for considering illegality in Mead's sentence was suggested to the district court. The district court's order is affirmed, and this Court, being satisfied that there was no reasonable cause for the appeal, orders that no further appeals shall be filed by Mead relating to the criminal conviction involved in this case without the express written permission of this Court.

In the Brief of the Appellant, the issues that are raised are:

1. Was due process violoted [sic] when the District Court rrvoked [sic] the Appellant['s] porbation [sic] for having seizure.

2. Dose [sic] this stand as a plain error.

This Statement of the Issue is found in the Brief of Appellee:

Was appellant's motion to correct sentence properly denied by the district court, and is his present appellate claim barred from consideration because it is untimely and by the doctrine of *res judicata?*

Mead originally was charged with two counts of sexual assault, in violation of Wyo. Stat. Ann. § 6–2–303 (Michie Repl.1988), and two counts of indecent liberties, in violation of Wyo. Stat. Ann. § 14–3–105 (Michie Repl. 1994). Subsequently, a plea agreement resulted in dismissal of the two counts of sexual assault, with Mead agreeing to plead guilty to the two counts of indecent liberties. The plea agreement provided for a sentence of supervised probation of ten years, with a six month jail sentence of which all but sixty days would be suspended on the first count of indecent liberties, and a concurrent sentence of ten years of supervised probation on the second count. The district court apparently accepted the plea agreement, and the agreed sentence was imposed.

Mead was not a successful probationer. About six months after he was sentenced, a Petition for Revocation of Probation and Bench Warrant was presented to the district court on the ground that Mead had violated one of the conditions of his probation by being expelled from a therapy program for sex offenders for failure to comply with the sponsor's attendance policy. At that time, the district court ordered that Mead should remain on supervised probation subject to the additional condition that he enter and successfully complete the program at Community Alternatives of Casper. Some three months later, another Petition for Revocation of Probation and Bench Warrant was presented in which the ground for revocation was termination from the Community Alternatives of Casper program because he had become too great of a monitoring risk. Mead had to be transported to the hospital on eight occasions because he was experiencing seizures, which he later admitted he had faked. In addition, there was an allegation of unauthorized absence because Mead was wandering around the hospital instead of awaiting his transportation back to Community Alternatives of Casper after his counseling appointment. The district court then entered an order revoking Mead's probation and sentencing him to a term of not less then three years nor more than seven years in the state penitentiary.

Mead appealed from the order that constituted a judgment and sentence. Mead's counsel was permitted to withdraw, after filing a brief comporting with *Anders v. State of California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Mead was afforded an opportunity to file a brief setting forth points that could support his appeal and persuade this Court it was not frivolous. Mead failed to file any further brief, and on December 12, 1996, the judgment and sentence was affirmed by order of this Court.

Mead then filed his Motion for Correction [of an] Illegal Sentence on July 23, 1997, and the district court denied Mead's motion on August 5, 1997. Three days later, Mead filed a Motion for Sentence Reduction, which was denied that same day. Mead did not appeal the denial of the Motion for Sentence Reduction, but appeals from the denial of his Motion for Correction [of an] Illegal Sentence.

W.R.Cr.P. 35 provides:

(a) *Correction.*—The court may correct an illegal sentence at any time. Additionally the court may correct, reduce, or modify a sentence within the time and in the manner provided herein for the reduction of sentence.

(b) *Reduction.*—A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within one year after the sentence is imposed or probation is revoked, or within one year after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within one year after entry of any order or judgment of the Wyoming Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision. The court may determine the motion with or without a hearing.

While no grounds were presented to the district court to support the Motion for Correction [of an] Illegal Sentence or to justify the Motion for Sentence Reduction, Mead now asserts error in connection with the revocation of his probation. Apparently, he believes that claims of constitutional error in connection with those proceedings serve to make the sentence that was then imposed an illegal sentence. We have said:

> The procedure by which an illegal sentence is corrected imposes restrictions on the district court's ability to consider claims of error. Rule 35 does not provide a means for collateral attack of a conviction and a legal sentence. Rule 35 is not a substitute for an appeal as of right or appropriate post-conviction relief measures.

*Parker v. State,* 882 P.2d 1225, 1229–30 (Wyo.1994). We have been consistent in ruling that W.R.Cr.P. 35(a) does not serve as a vehicle for examination of errors occurring at trial or in other proceedings prior to the imposition of sentence. *Cardenas v. State,* 925 P.2d 239, 240 (Wyo.1996); *Evans v. State,* 892 P.2d 796, 797 (Wyo.1995); *Ellett v. State,* 883 P.2d 940, 942 (Wyo.1994).

■ A motion to correct an illegal sentence under W.R.Cr.P. 35(a) is addressed to the sound discretion of the sentencing court. *Cardenas,* 925 P.2d at 240; *Brown v. State,* 894 P.2d 597, 598 (Wyo.1995). Similarly, a motion for reduction of sentence is subject to the sound discretion of the sentencing court. *Barela v. State,* 936 P.2d 66, 69 (Wyo.1997); *Carrillo v. State,* 895 P.2d 463, 464 (Wyo. 1995); *McFarlane v. State,* 781 P.2d 931, 932 (Wyo.1989); *Peper v. State,* 776 P.2d 761, 761 (Wyo.1989). We have said:

> Henceforth, we will turn to a definition adopted in *Martin v. State,* 720 P.2d 894, 897 (Wyo.1986), in which we said:
>
> > "Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously. *Byerly v. Madsen,* 41 Wash.App. 495, 704 P.2d 1236 (1985)."

*Vaughn v. State,* 962 P.2d 149, 151 (Wyo. 1998).

■ The exercise of discretion implies that the court has the power to choose between alternatives. In this instance, the alternatives would be illegality and legality of the sentence. Mead, however, foreclosed that choice by the district court when he failed to suggest in his Motion for Correction [of an] Illegal Sentence any premise for a conclusion that his sentence was illegal. Nothing was presented to the district court that would be a good premise for choosing to reduce Mead's sentence over letting the sentence stand. A court cannot abuse its discretion when there is no rational basis for making a choice different from the one adopted. The district court exercised sound discretion under the circumstances, and it did not act arbitrarily or capriciously.

■ The State, however, is correct in its asserted position that consideration of the issue is foreclosed by the doctrine of *res judicata.* We referred earlier to the appeal from the order that revoked Mead's probation and sentenced him to incarceration in the state penitentiary. The issue of the illegality of the sentence could have been raised in that appeal, but it was not. *Hamill v. State,* 948 P.2d 1356, 1359 (Wyo.1997); *Kallas v. State,* 776 P.2d 198, 199 (Wyo.1989); *Cutbirth v. State,* 751 P.2d 1257, 1261 (Wyo. 1988). In the exercise of disciplined jurisprudence, we ground our decision in this case on the doctrine of *res judicata,* and we hold that this Court is foreclosed from considering Mead's appeal on its merits.

We are confronted with a case in which review is barred by the doctrine of *res judicata* and, even if review were not barred, the claim of error is entirely frivolous. Under the circumstances, if this were a civil case, we would be compelled to certify that there is no reasonable ground for the appeal, and we would tax a reasonable amount for attorney's fees and damages in favor of the State pursuant to W.R.A.P. 10.05. We have not seen fit to extend that rule to criminal cases; but, in the exercise of our appellate and revisory jurisdiction, we can fashion an appropriate remedy. In this regard, we order that no further appeals shall be filed by

Mead relating to the criminal conviction involved in this case without the express written permission of this Court.

The order entered in the district court is affirmed.