# IN THE SUPREME COURT, STATE OF WYOMING

## 2016 WY 46

APRIL TERM, A.D. 2016

April 20, 2016

CHARLES WAYNE PALMER, JR.,

Appellant
(Defendant),

v.

S-15-0243

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Platte County*
*The Honorable John C. Brooks, Judge*

*Representing Appellant:*
Charles W. Palmer, Jr., *pro se.*

*Representing Appellee:*
Peter K. Michael, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; Christyne M. Martens, Senior Assistant Attorney General; Joshua C. Eames, Assistant Attorney General.

*Before BURKE, C.J., and HILL, DAVIS, FOX, and KAUTZ, JJ.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**FOX, Justice.**

[¶1]   In 2006, Charles Palmer, Jr. pled guilty to three counts of second-degree sexual assault.  The district court sentenced him to three consecutive sentences of eight to sixteen years and credited ninety-nine days of presentence confinement toward his first sentence.  In 2015, Mr. Palmer filed a motion to correct illegal sentence, claiming that he was entitled to credit for presentence confinement on all three of his consecutive sentences.  The district court denied that motion and Mr. Palmer filed this appeal. We affirm.

## *ISSUES*

[¶2]   We rephrase the issues as follows:

     1.   Does the doctrine of res judicata preclude Mr. Palmer from raising the question of whether he was properly credited for presentence confinement?

     2.   When sentences are consecutive, must presentence confinement credit be awarded against all sentences or just one of the consecutive sentences?

## *FACTS*

[¶3]   In 2006, Mr. Palmer pled guilty to three counts of second-degree sexual assault. The district court sentenced Mr. Palmer to three consecutive sentences of eight to sixteen years and awarded him credit for ninety-nine days of time served, which the court applied to his first sentence.

[¶4]   Mr. Palmer appealed the judgment and sentence and we affirmed in *Palmer v. State*, 2008 WY 7, 174 P.3d 1298 (Wyo. 2008).  The present matter commenced in July of 2015, when Mr. Palmer filed a motion to correct an illegal sentence pursuant to Rule 35 of the Wyoming Rules of Criminal Procedure.  He claimed that after he completed his first sentence and began his second sentence, he learned that he would not be credited for time served on his second and third sentences.  He argued that he should have been credited for time served against all three of the consecutive sentences.  The district court denied that motion.  This appeal followed.

## *DISCUSSION*

### I.   *Does the doctrine of res judicata preclude Mr. Palmer from raising the question of whether he was properly credited for presentence confinement?*

[¶5]   The State first argues that the doctrine of res judicata bars Mr. Palmer from raising the question of the legality of his sentence at this time.  The State contends that since Mr. Palmer did not raise any issue regarding his presentence confinement in his direct appeal, he is foreclosed from doing so now.

[¶6]   Motions to correct illegal sentences are subject to the doctrine of res judicata.  *See, e.g., Tucker v. State*, 2015 WY 65, ¶ 11, 349 P.3d 987, 989 (Wyo. 2015); *Bird v. State*, 2015 WY 108, ¶ 10, 356 P.3d 264, 267 (Wyo. 2015); *Evans v. State*, 892 P.2d 796, 798 (Wyo. 1995).   We have explained that "[c]ourts can correct illegal sentences under W.R.Cr.P. 35(a) at any time, but the bases for correcting the sentence remain subject to res judicata.  If a party fails to show good cause why an issue was not raised at an earlier opportunity, the court may decline to consider the issue."  *Bird*, 2015 WY 108, ¶ 10, 356 P.3d at 267 (citations omitted).

[¶7]   In this instance, res judicata would normally apply to bar Mr. Palmer's Rule 35 motion.[1]   However, "our rulings make clear that the application of the doctrine is discretionary."  *Patterson v. State*, 2013 WY 153, ¶ 11, 314 P.3d 759, 762 (Wyo. 2013) (citing *Hamill v. State*, 948 P.2d 1356, 1359 (Wyo. 1997)).  This is an appropriate case to exercise this discretion and consider the application of presentence confinement credit to consecutive sentences, despite the fact that it could have been raised earlier.

## II.   *When sentences are consecutive, must presentence confinement credit be awarded against all sentences or just one of the consecutive sentences?*

[¶8]   We have long held that motions for reductions of sentence pursuant to W.R.Cr.P. 35(b) are subject to the discretion of the sentencing court.  *See, e.g., Mead v. State*, 2 P.3d 564, 566 (Wyo. 2000) (citing *Barela v. State*, 936 P.2d 66, 69 (Wyo. 1997); *Carrillo v. State*, 895 P.2d 463, 464 (Wyo. 1995); *McFarlane v. State*, 781 P.2d 931, 932 (Wyo. 1989); *Peper v. State*, 776 P.2d 761, 761 (Wyo. 1989)).  We apply the same standard to motions under W.R.Cr.P. 35(a).  *See Harris v. State*, 2015 WY 50, ¶ 8, 346 P.3d 944, 945 (Wyo. 2015); *Cardenas v. State*, 925 P.2d 239, 240 (Wyo. 1996); *Ellett v. State*, 883 P.2d 940, 942 (Wyo. 1994).

[¶9]   However, the imposition of an illegal sentence is not within the discretion of a sentencing court.  *In re CT*, 2006 WY 101, ¶ 8, 140 P.3d 643, 646 (Wyo. 2006); *White v. State*, 934 P.2d 745, 746 (Wyo. 1997) (An "error of law committed by the court under the circumstances" is an abuse of discretion.) (quoting *Garcia v. State*, 777 P.2d 603, 607 (Wyo. 1989)).  The question of whether a sentence is legal is a question of law which we

---

[1] In determining whether res judicata bars a claim, we consider the following four factors:

> (1) identity in parties; (2) identity in subject matter; (3) the issues are the same and relate to the subject matter; and (4) the capacities of the persons are identical in reference to both the subject matter and the issues between them.

*Bird*, 2015 WY 108, ¶ 10, 356 P.3d at 267 (citing *Dax v. State*, 2012 WY 40, ¶ 9, 272 P.3d 319, 321 (Wyo. 2012)).

review de novo. *Bird*, 2015 WY 108, ¶ 9, 356 P.3d at 267; *Manes v. State*, 2007 WY 6, ¶ 7, 150 P.3d 179, 181 (Wyo. 2007); *Spencer v. State*, 2005 WY 105, ¶ 11, 118 P.3d 978, 982 (Wyo. 2005); *Brown v. State*, 2004 WY 119, ¶ 7, 99 P.3d 489, 491 (Wyo. 2004). A sentence is illegal when it "exceeds statutory limits, imposes multiple terms of imprisonment for the same offense, or otherwise violates constitutions or the law." *Manes*, 2007 WY 6, ¶ 7, 150 P.3d at 181; *Martinez v. State*, 2002 WY 10, ¶ 9, 39 P.3d 394, 396 (Wyo. 2002); *Duran v. State*, 949 P.2d 885, 887 (Wyo. 1997).

[¶10] When the district court sentenced Mr. Palmer, it granted him ninety-nine days of presence confinement credit toward only the first of his three consecutive sentences. Mr. Palmer argues that he is entitled to presence confinement credit on all three of his consecutive sentences, and because he was only granted credit on one of his sentences, his sentence is illegal. The State contends that such credit would award Mr. Palmer credit for triple the time he actually spent in confinement prior to the time he was sentenced and thus would be improper.

[¶11] In support of his position, Mr. Palmer relies on language contained in *Renfro v. State*, where we stated:

> The prospective rule for sentences entered following the publication date of this opinion is:
>
> ***Credit will be automatically granted for presence incarceration time on all sentences.*** We will presume that in imposing the stated sentence, the trial court, in its exercise of discretion, considered presence confinement. Consequently, without regard for what is or is not stated in the sentence, credit for presence confinement will be applied to reduce the length of remaining incarceration under the sentence. As long as the maximum and minimum terms remain within statutory limits, discretion of the trial court continues to establish the periods which obviously include recognition of presence confinement.

785 P.2d 491, 498 (Wyo. 1990) (emphasis added) (footnote omitted). Mr. Palmer focuses on the term "all sentences" and argues that this language means credit must be given to each consecutive sentence.

[¶12] In *Renfro*, however, we did not consider how credit for presence confinement would be applied to consecutive sentences. *Id*. There, a single sentence was at issue: the defendant pled guilty to a single charge and was sentenced for that charge. The sentence, however, did not make any mention of the 138 days he spent in jail prior to sentencing. *Id*. at 492. We held that the defendant was entitled to credit for that time against his minimum and maximum sentence. *Id*. at 498-99.

3

[¶13]   While we have never considered the question of whether presentence confinement must be credited to all sentences when sentences run consecutively, *see, e.g., Renfro*, 785 P.2d at 498-99, *Milladge v. State*, 900 P.2d 1156, 1160 (Wyo. 1995) (remanding for determination of presentence confinement application to concurrent sentences), W.R.Cr.P. 32(c)(2) provides some guidance.   That rule directs sentencing courts to "[i]nclude a finding of all time served by the defendant in presentence confinement for any sentenced offense; [and] [s]tate the extent to which credit for presentence confinement is to be given for each sentenced offense." W.R.Cr.P. 32(c)(2)(E) and (F). The rule does not require that presentence confinement credit be given for every sentenced offense.

[¶14]   We hold that when consecutive sentences are ordered, the proper allocation of credit for time served is one that gives the defendant full credit for the actual time served against his total term of imprisonment.  Thus, allocating credit to one, but not more, of a defendant's consecutive sentences is proper.   As the Supreme Court of Colorado explained:

> In the case of concurrent sentences, the period of presentence confinement should be credited against each sentence.  This is so because concurrent sentences obviously commence at the same time and in functional effect result in one term of imprisonment represented by the longest of the concurrent sentences imposed.   Only by giving credit against each concurrent sentence will the defendant be assured of receiving credit for the full period of presentence confinement against the total term of imprisonment.  ***When consecutive sentences are imposed, crediting the period of presentence confinement against one of the sentences will assure the defendant full credit against the total term of imprisonment.***

*Schubert v. People*, 698 P.2d 788, 795 (Colo. 1985) (emphasis added).   Thus, when consecutive sentences are ordered, the presentence credit for time served should be applied in such a way that the defendant receives credit against the total time of incarceration.  When concurrent sentences are imposed, credit is, in effect, given to all of the sentences so that the total length of imprisonment is reduced by the time served prior to sentencing.  *See State v. Romero*, 55 P.3d 441, 444 (N.M. Ct. App. 2002) (rejecting multiplication of presentence credit for consecutive sentences, stating "multiplying presentence credit may have the effect of rewarding a defendant for committing multiple crimes"); *State v. Tauiliili*, 29 P.3d 914, 918 (Haw. 2001) ("Once credit has been granted, no additional purpose is served by granting a second or 'double credit' against a later consecutive sentence.")

[¶15]  At the sentencing hearing the district court ordered that Mr. Palmer receive "credit for any time served" and, in its written Judgment and Sentence, the court applied Mr. Palmer's ninety-nine days of presentence confinement to the first of his three consecutive sentences.  Mr. Palmer was entitled to credit against the aggregate of his sentence for time served prior to sentencing and he received that credit.  The district court committed no error of law and did not abuse its discretion when it denied his motion to correct illegal sentence.

## *CONCLUSION*

[¶16]  While Mr. Palmer's argument should have been raised in his direct appeal, we exercise our discretion and refrain from applying the doctrine of res judicata in this instance.  Mr. Palmer received credit for ninety-nine days of time served prior to sentencing against the first of his three consecutive sentences.  His aggregate sentence was thereby reduced by that amount of time and is therefore legal.  Affirmed.