# THE SUPREME COURT, STATE OF WYOMING

## 2023 WY 5

OCTOBER TERM, A.D. 2022

January 25, 2023

JOSEPH MICHAEL CRUZEN,

Appellant
(Defendant),

v.

S-22-0196

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Campbell County*
*The Honorable James Michael Causey, Judge*

*Representing Appellant:*
Joseph M. Cruzen, pro se.

*Representing Appellee:*
Bridget L. Hill, Attorney General; Jenny L. Craig, Deputy Attorney General; Kristen R. Jones, Senior Assistant Attorney General.

*Before FOX, C.J., and KAUTZ, BOOMGAARDEN, GRAY and FENN, JJ.*

**NOTICE:** This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**FENN, Justice.**

[¶1]   Joseph M. Cruzen entered into a global plea agreement resolving two separate criminal dockets.  The district court sentenced him in accordance with the plea agreement and ordered both criminal dockets to run consecutively.  The district court awarded Mr. Cruzen credit for presentence confinement against one, but not both, of his consecutive sentences.  Mr. Cruzen filed three motions to correct an illegal sentence, claiming he was entitled to credit against both of his consecutive sentences.  The district court denied those motions, and Mr. Cruzen appeals the denial of his most recent motion.  We affirm.

## ISSUE

[¶2]   The sole issue is whether the district court erred when it denied Mr. Cruzen's most recent motion to correct an illegal sentence.

## FACTS

[¶3]   This appeal involves two separate criminal dockets from the Sixth Judicial District Court, Campbell County, Wyoming—Docket Nos. CR-8413 and CR-9004.  In CR-8413, Mr. Cruzen was serving a term of supervised probation on a deferred sentence for strangulation of a household member when he committed the crimes charged in CR-9004.  In CR-9004, Mr. Cruzen was charged with attempted second-degree murder, kidnapping, interference with an emergency call, and domestic assault.

[¶4]   Mr. Cruzen entered into a global plea agreement that resolved both dockets.  In CR-8413, the district court revoked Mr. Cruzen's probation and entered an adjudication of guilt and conviction.  The parties agreed to jointly recommend a "sentence of not less than three . . . years nor more than five . . . years, with the sentence to run consecutive to the sentences in [CR]-9004."  The sentence in CR-8413 would be suspended, and Mr. Cruzen would be placed on probation upon completion of his prison sentence in CR-9004.

[¶5]   In CR-9004, Mr. Cruzen pled guilty to amended charges of attempted manslaughter and felonious restraint.  The State dismissed the charges of interference with an emergency call and domestic assault.  The parties agreed to jointly recommend a prison sentence of not less than eight years nor more than thirteen years for the attempted manslaughter charge, and not less than four years nor more than five years for the felonious restraint charge.  Mr. Cruzen's sentences in CR-9004 would run concurrently with each other, but consecutive to his sentence in CR-8413.  The plea agreement did not address credit for time served.

[¶6]   At the sentencing hearing, defense counsel summarized the plea agreement and informed the district court Mr. Cruzen was entitled to 426 days of presentence confinement.  The district court accepted the plea agreement and sentenced Mr. Cruzen according to the

1

jointly recommended terms. Regarding credit for time served, the district court held: "credit for time served will be assessed against only [CR-]8413 as a matter of record-keeping so the Department of Corrections will understand how this one is to work. That credit for time served on [CR-]8413 . . . will be 426 days." Commensurate with its oral ruling, the district court ordered in CR-8413 that Mr. Cruzen "shall receive credit for time served in the amount of four hundred twenty-six (426) days pre-sentence confinement." It did not enter any credit for time served in its written judgment and sentence for CR-9004.

[¶7]     Mr. Cruzen filed separate notices of appeal in CR-8413 and in CR-9004. In CR-8413, Mr. Cruzen filed his first notice of appeal timely but withdrew his appeal indicating he only intended to appeal the decision in CR-9004. The district court entered an order allowing withdrawal of the appeal. Mr. Cruzen filed a second notice of appeal in CR-8413, which was untimely. We dismissed the second notice of appeal for lack of jurisdiction.[1] In CR-9004, Mr. Cruzen filed a timely notice of appeal, but later voluntarily moved to dismiss his appeal. We entered an order granting his request to dismiss his appeal.[2]

[¶8]     During this same time, Mr. Cruzen filed his first motion to correct an illegal sentence in CR-9004 pursuant to Wyoming Rule of Criminal Procedure (W.R.Cr.P.) 35(a). He contended "he [was] entitled to an additional four hundred twenty-six (426) days of time served" and requested the district court enter a new judgment and sentence granting him the 426 days against his minimum and maximum sentences. The district court denied the motion and found the "defendant's motion addresses sentences that were imposed consecutively, as opposed to concurrently, and . . . defendant received due credit for time served in Criminal Action No. 8413." Mr. Cruzen did not appeal the district court's denial.

[¶9]     On April 4, 2022, Mr. Cruzen filed a motion for sentence modification or reduction in CR-9004. He requested his sentence be modified to five to nine years and ordered to run concurrently with his sentence in CR-8413. He did not request any adjustment to his credit for time served. The district court denied his motion, and Mr. Cruzen appealed. This Court dismissed the appeal as untimely on June 28, 2022.[3]

[¶10] On May 16, 2022, Mr. Cruzen filed a second motion requesting presentence confinement credit in CR-9004. He requested the district court award him credit for 426 days of presentence confinement against both convictions in CR-9004. Two months later, he filed a third motion pursuant to W.R.C.P 35(a) and again asked the district court to award him credit for 426 days of presentence confinement against his sentences in CR-9004. The next day, the district court entered its order denying the request. The district court found it adjudicated this same issue in March 2021, and Mr. Cruzen did not appeal

---

[1] *Cruzen v. State*, S-21-0061 (Wyo. Mar. 30, 2021) (order dismissing appeal).
[2] *Cruzen v. State*, S-21-0014 (Wyo. Apr. 9, 2021) (order dismissing appeal).
[3] *Cruzen v. State*, S-22-0154 (Wyo. June 28, 2022) (order dismissing appeal).

the ruling. It held "[t]he doctrine of res judicata preclude[d] th[e] court from reconsidering or ruling differently." Mr. Cruzen timely filed this appeal.

## STANDARD OF REVIEW

[¶11] Sentencing decisions and decisions to award presentence confinement credit on more than one count of a consecutive sentence "are within the discretion of the trial court, except a court cannot impose an illegal sentence." *Newnham v. State*, 2021 WY 54, ¶ 3, 484 P.3d 1275, 1276 (Wyo. 2021); *Nesius v. State*, 2019 WY 129, ¶¶ 25–26, 454 P.3d 927, 934 (Wyo. 2019) (discussing a district court's discretion to award presentence confinement on more than one count of a consecutive sentence). "A sentence that does not include proper credit constitutes an illegal sentence." *Newnham*, ¶ 3, 484 P.3d at 1276 (quoting *Candelario v. State*, 2016 WY 75, ¶ 6, 375 P.3d 1117, 1118 (Wyo. 2016)). "Whether a sentence is illegal is a question of law that we review de novo." *Id.* (quoting *Palomo v. State*, 2018 WY 42, ¶ 24, 415 P.3d 700, 705 (Wyo. 2018)). We review a district court's decision that a motion to correct an illegal sentence is barred by res judicata de novo. *Harrell v. State*, 2022 WY 76, ¶ 5, 511 P.3d 466, 468 (Wyo. 2022).

## DISCUSSION

[¶12] Mr. Cruzen concedes he received credit for 426 days of presentence confinement in CR-8413. However, he argues he is entitled to receive 426 days credit against his concurrent sentences in CR-9004. Mr. Cruzen's appeal suffers from two fatal flaws. First, Mr. Cruzen failed to show good cause why he did not raise this issue in his direct appeal or why he did not appeal the district court's order denying his first motion to correct an illegal sentence. Therefore, this matter is barred by the doctrine of res judicata. Second, the record supports the district court properly ordered the 426 days to be credited on his underlying sentence in CR-8413.

[¶13] "[C]ourts can correct illegal sentences under W.R.Cr.P. 35(a) at any time, but the bases for correcting the sentence [are] subject to res judicata." *Palmer v. State*, 2016 WY 46, ¶ 6, 371 P.3d 156, 157–58 (Wyo. 2016); *Harrell*, 2022 WY 76, ¶ 8, 511 P.3d at 468 (citation omitted) ("Our precedent is clear that the principle of *res judicata* may be applied to claims brought pursuant to W.R.Cr.P. 35(a)."). Under the doctrine of res judicata, "it is a longstanding rule that issues which could have been raised in an earlier proceeding are foreclosed from subsequent consideration." *Gould v. State*, 2006 WY 157, ¶ 15, 151 P.3d 261, 266 (Wyo. 2006).

> In determining whether res judicata bars a claim, we consider the following four factors:
>
> > (1) identity in parties; (2) identity in subject matter;
> > (3) the issues are the same and relate to the subject

3

matter; and (4) the capacities of the persons are identical in reference to both the subject matter and the issues between them.

*Palmer*, 2016 WY 46, ¶ 7 n. 1, 371 P.3d at 158 n. 1.

[¶14]   Mr. Cruzen filed his first motion to correct an illegal sentence under Rule 35(a) in March 2021 while his first appeal was pending. In that motion, he argued he was entitled to 426 days of time served against his minimum and maximum sentences in CR-9004. The district court denied the motion and found it awarded the 426 days on his consecutive sentence in CR-8413. Mr. Cruzen could have presented the claim in his direct appeal. Instead, he chose not to pursue it and voluntarily moved to dismiss his direct appeal.[4] Having failed to present his claim on presentence confinement earlier, Mr. Cruzen is now barred from litigating this issue. *See generally Goetzel v. State*, 2019 WY 27, ¶ 14, 435 P.3d 865, 869 (Wyo. 2019) ("[I]ssues that could have been presented on direct appeal are foreclosed from challenge by and through petitions for post-conviction relief due to the application of the doctrine of *res judicata*."); *Gould*, 2006 WY 157, ¶ 17, 151 P.3d at 266 (holding res judicata barred the Court from considering appellant's argument pursuant to W.R.Cr.P. 35(a) because he failed to raise the claim in his direct appeal and his earlier motion was not appealed).

[¶15]   Mr. Cruzen filed his third motion to correct an illegal sentence more than one year after his first motion. The parties, subject matter, issues, and capacities of the persons in his third motion are all identical to his first motion. In both motions, Mr. Cruzen requests credit be awarded for 426 days on the concurrent sentences in CR-9004 pursuant to W.R.Cr.P. 35(a). If Mr. Cruzen can demonstrate good cause for not appealing the district court's order on the first motion or raising the issue on his direct appeal, he can avoid the application of res judicata. *Best v. State*, 2022 WY 25, ¶ 8, 503 P.3d 641, 644 (Wyo. 2022) (quoting *Majhanovich v. State*, 2021 WY 135, ¶ 9, 499 P.3d 995, 997 (Wyo. 2021)). Mr. Cruzen presents no argument for why he failed to appeal or raise the issue earlier. In this instance, res judicata would bar consideration of Mr. Cruzen's Rule 35 motion.

[¶16]   While res judicata applies, "our rulings make clear that the application of the doctrine is discretionary." *Palmer*, 2016 WY 46, ¶ 7, 371 P.3d at 158 (quoting *Patterson v. State*, 2013 WY 153, ¶ 11, 314 P.3d 759, 762 (Wyo. 2013)). We exercise our discretion and consider whether Mr. Cruzen was properly awarded credit for time served.

[¶17]   W.R.Cr.P. 32(c)(2)(F) "requires that final sentences must state the extent to which credit for presentence confinement is to be given for each sentenced offense." *Deeds v. State*, 2014 WY 124, ¶ 40, 335 P.3d 473, 483 (Wyo. 2014). In its oral and written rulings,

---

[4] *Cruzen v. State*, S-21-0014 (Wyo. Apr. 6, 2021) (motion for voluntary dismissal of appeal).

the district court awarded Mr. Cruzen 426 days of credit for time served against the sentence in CR-8413 and declined to order any credit for presentence confinement against his consecutive sentences in CR-9004. "[W]hen consecutive sentences are ordered, the proper allocation of credit for time served is one that gives the defendant full credit for the actual time served against his total term of imprisonment." *Palmer*, 2016 WY 46, ¶ 14, 371 P.3d at 159. "[C]rediting the period of presentence confinement against one of the [consecutive] sentences will assure the defendant [received] full credit against the total term of imprisonment." *Id.* (quoting *Schubert v. People*, 698 P.2d 788, 795 (Colo. 1985)). A district court "has discretion to award credit for other confinement, so long as 'the sum of such time spent plus the sentence does not exceed the maximum allowable sentence.'" *Petersen v. State*, 2019 WY 132, ¶ 15, 455 P.3d 261, 265 (Wyo. 2019) (quoting *Askin v. State*, 2016 WY 9, ¶ 9, 365 P.3d 784, 786 (Wyo. 2016)). The district court was only required to award Mr. Cruzen credit against one of his consecutive sentences, though it had the discretion to award him credit against both. *See Petersen*, ¶¶ 14–15, 455 P.3d at 265; *Nesius*, 2019 WY 129, ¶¶ 24–26, 454 P.3d at 934; *Palmer*, 2016 WY 46, ¶¶ 14–15, 371 P.3d at 159. We find the district court did not commit an error of law or abuse its discretion when it found Mr. Cruzen received the proper amount of credit for presentence confinement.

## CONCLUSION

[¶18] While Mr. Cruzen's appeal could be barred by res judicata due to his failure to raise his argument in an earlier proceeding, we exercise our discretion and consider the merits of his appeal. We find Mr. Cruzen was entitled to receive 426 days of presentence confinement. Mr. Cruzen received that credit against his total term of imprisonment and therefore his sentence is legal. Affirmed.