# IN THE SUPREME COURT, STATE OF WYOMING

# 2023 WY 99

OCTOBER TERM, A.D. 2023

October 18, 2023

SHANNON EDWARD STEVENSON,

**Appellant**
**(Defendant),**

v.

S-23-0123

THE STATE OF WYOMING,

**Appellee**
**(Plaintiff).**

*Appeal from the District Court of Sweetwater County*
*The Honorable Suzannah G. Robinson, Judge*

*Representing Appellant:*
    Shannon E. Stevenson, pro se.

*Representing Appellee:*
    Bridget L. Hill, Attorney General; Jenny L. Craig, Deputy Attorney General; Kristen R. Jones, Senior Assistant Attorney General; John J. Woykovsky, Senior Assistant Attorney General.

*Before FOX, C.J., KAUTZ, BOOMGAARDEN, GRAY, and FENN, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**BOOMGAARDEN, Justice.**

[¶1]    Shannon E. Stevenson, representing himself, appeals the district court's denial of his motion to correct an illegal sentence. He asserts he is entitled to credit towards his prison sentence for time spent on supervised probation, inclusive of inpatient substance abuse treatment and participation in Treatment Court. We affirm the district court's decision.

*ISSUE*

[¶2]    Mr. Stevenson presents a single issue, which we restate as whether the district court properly denied Mr. Stevenson's motion to correct an illegal sentence.

*FACTS*

[¶3]    On August 23, 2019, the State charged Mr. Stevenson with driving under the influence more than three times within ten years, in violation of Wyo. Stat. Ann. § 31-5-233(b)(i) and (e) (2023). Pursuant to a plea agreement, Mr. Stevenson entered a guilty plea, and the district court sentenced him to five to seven years in prison, suspended for three years of probation. One of the conditions of his probation was to attend inpatient treatment for substance abuse. Another condition was to attend and successfully complete Sweetwater County Treatment Court.

[¶4]    Mr. Stevenson attended inpatient treatment and then participated in Treatment Court. In 2021, Mr. Stevenson relapsed by using methamphetamine, and the Treatment Court sanctioned him with an order to return to inpatient treatment. Mr. Stevenson completed approximately six months of additional inpatient treatment, was released to a sober living residential program, got a job at a local restaurant, and returned to the Treatment Court program. In late February 2022, Mr. Stevenson relapsed, again using methamphetamine. As a result, the Treatment Court terminated Mr. Stevenson's participation in its program on March 9, 2022. On the same date, the State petitioned to revoke Mr. Stevenson's probation, alleging improper contact with a felon and the use of methamphetamine in violation of his probation conditions.

[¶5]    Mr. Stevenson admitted to the State's allegations. The district court revoked Mr. Stevenson's probation and reinstated his sentence but reduced that sentence to only four to seven years in prison, with credit for 209 days of presentence confinement—195 days served prior to the change of plea in the original proceedings and 14 days served prior to the probation revocation hearing.

[¶6]    Eight months later, in November 2022, Mr. Stevenson moved to reduce his sentence, noting his positive personal development, work in the prison's kitchens, and completion of education classes while incarcerated. He attached a letter to his motion

1

describing his struggles with addiction, his substance abuse treatment efforts, a relapse that led to his incarceration, and his efforts to take accountability for his actions. Mr. Stevenson presented similar information about his history of substance abuse, treatment, and relapse at his initial sentencing hearing and at the probation revocation hearing. On December 13, 2022, the district court denied the request for a sentence reduction, noting that it already reduced Mr. Stevenson's sentence from five to seven years to four to seven years during the probation revocation hearing.

[¶7]    On December 22, 2022, Mr. Stevenson asked the district court, by letter, to reduce his sentence further to reflect credit for his two years of probation which included periods of inpatient treatment and participation in Treatment Court. That letter did not cite either W.R.Cr.P. 35(a) (for correction of an illegal sentence) or W.R.Cr.P. 35(b) (for sentence reduction). The trial court treated the letter as a motion to correct an illegal sentence pursuant to Rule 35(a) and denied the motion on January 17, 2023, noting that credit for presentence confinement generally does not apply to time spent on probation or in treatment:

> Credit for time served is only awarded for time a person serves while in "official detention" and "does not include supervision on probation" or time spent receiving treatment unless the person is a resident in a facility which subjects them to a charge of escape from detention. *See* W.S. § 6-5-201(a)(ii) and *White v. State*, 934 P.2d 745, 747 (Wyo. 1997).

[¶8]    A few days later, on January 20, 2023, Mr. Stevenson filed a second motion to correct an illegal sentence, again asserting that his time on probation should be credited against his sentence, for a total credit of 730 days. He also filed a letter asking the district court for the judge's opinion and "an interpretive ruling" of certain Wyoming statutes related to sentencing credits. On the same day, January 20, 2023, the district court denied the motion to correct an illegal sentence, citing its prior decision on the same issue. The district court also denied the request for an interpretive opinion and cited the rule that courts may not issue advisory opinions.

[¶9]    Less than one week later, on January 26, 2023, Mr. Stevenson moved a third time to correct an illegal sentence, asserting his sentence was illegal because it did not include credit for his time on probation. On January 30, 2023, the district court denied the motion, explaining it already ruled on the same issue twice through Mr. Stevenson's previous filings and his third motion was therefore barred by the doctrine of res judicata.

[¶10] Mr. Stevenson timely appealed the January 17, 2023 order that denied his first request to correct an illegal sentence. He did not appeal the district court's January 20, 2023 order denying his second motion to correct an illegal sentence and the request for an

2

advisory opinion or the January 30, 2023 order denying his third motion to correct an illegal sentence.

## *STANDARD OF REVIEW*

[¶11]  We review the denial of a motion to correct an illegal sentence for an abuse of discretion.  *Greene v. State*, 2023 WY 72, ¶ 5, 532 P.3d 1061, 1062 (Wyo. 2023) (citation omitted).  However, whether a sentence is illegal is a question of law we review de novo. *Hiltner v. State*, 2023 WY 82, ¶ 10, 534 P.3d 452, 454 (Wyo. 2023) (quoting *Hicks v. State*, 2018 WY 15, ¶ 10, 409 P.3d 1256, 1259 (Wyo. 2018)); *Best v. State*, 2022 WY 25, ¶ 5, 503 P.3 641, 643 (Wyo. 2022).

## *DISCUSSION*

[¶12]  Wyoming Rule of Criminal Procedure 35(a) allows a court to correct an illegal sentence at any time.  A sentence that does not include proper credit for presentence confinement is an illegal sentence.  *Hiltner*, 2023 WY 82, ¶ 10, 534 P.3d at 454 (quoting *Dax v. State*, 2012 WY 40, ¶ 7, 272 P.3d 319, 320 (Wyo. 2012)); *Cruzen v. State*, 2023 WY 5, ¶ 11, 523 P.3d 301, 304 (Wyo. 2023).

[¶13]  A defendant is entitled to credit for "presentence confinement" pursuant to W.R.Cr.P. 32(c)(2)(E)–(F).  "Presentence confinement" is defined as "incarceration for inability and failure to post bond on the offense for which the sentence is entered[.]" *Sweets v. State*, 2001 WY 126, ¶ 5, 36 P.3d 1130, 1131 (Wyo. 2001) (quoting *Renfro v. State*, 785 P.2d 491, 498 n.8 (Wyo. 1990)); *see also Candelario v. State*, 2016 WY 75, ¶ 6, 375 P.3d 1117, 1118 (Wyo. 2016).  This rule is designed to avoid violating principles of constitutional equal protection when pre-sentence confinement occurs due to indigency. *Asch v. State*, 784 P.2d 235, 236–37 (Wyo. 1989) (citations omitted).

[¶14]  The law is well-settled that time spent on probation—or in treatment as a condition of probation—is not presentence confinement, unless the defendant, "as a probation condition, is placed in an environment from which a charge of escape would lie" under Wyoming's several escape from detention statutes.  *E.g.*, *Kupec v. State*, 835 P.2d 359, 363–64 (Wyo. 1992) (discussing the crimes of escape from detention codified at Wyo. Stat. Ann. § 7-18-112 and § 6-5-206).  Under those circumstances, the defendant would be entitled to credit against his sentence for the time he spent in that environment.  *Yearout v. State*, 2013 WY 133, ¶ 8, 311 P.3d 180, 182 (Wyo. 2013); *Blouir v. State*, 950 P.2d 53, 55 (Wyo. 1997); *Kupec*, 835 P.2d at 363; *Prejean v. State*, 794 P.2d 877, 878–79 (Wyo. 1990). We recognized this exception most recently in *Hiltner* in relation to inpatient treatment— if an order to participate in a substance abuse treatment program includes language that the defendant was considered in official detention while at the treatment facility, then he may

3

be entitled to credit against his sentence. 2023 WY 82, ¶ 12, 534 P.3d at 454 (discussing *Hutton v. State*, 2018 WY 88, ¶ 16, 422 P.3d 967, 971 (Wyo. 2018)).

[¶15]  Mr. Stevenson asserts that certain probation conditions (residential treatment and Treatment Court) place a probationer under such supervision and authority of the State that the probation is also "custody" pursuant to various statutes which entitles him to credit for presentence confinement.[1]  After reviewing the record and the terms of Mr. Stevenson's probation, we find no indication that his probation, or his time in treatment or in Treatment Court as conditions of that probation, would subject him to a charge of escape from detention if he left either program.  His time on probation and in treatment therefore cannot be considered presentence confinement.

[¶16]  Mr. Stevenson also asserts the American Bar Association (ABA) Standards for Criminal Justice require an award of credit towards his sentence for time spent on probation.  That is not what the ABA Standards provide.  Standard 18-7.3 addresses the authority of a sentencing court to resentence an offender, previously sentenced to a compliance program, after that offender violates that sentence.  In his initial sentencing, Mr. Stevenson was required to complete a compliance program inclusive of inpatient treatment and Treatment Court, and he admitted he violated those requirements.  The ABA Standard recommends that for resentencing, the trial court:

> determine explicitly the extent to which an offender's substantial compliance with the requirements or conditions of the initial sentence is to be credited toward the requirements or conditions of a resentence.  In determining the severity of a resentence, a sentencing court should take into account an offender's substantial compliance with the initial sentence that cannot be credited toward a resentence.

ABA, Standards for Criminal Justice § 18-7.3(d)(iii) (3d ed. 1994).  The trial court did so in this case—at the probation revocation hearing, the trial court acknowledged Mr. Stevenson's history of treatment during probation and then reduced his sentence by one year.

## *CONCLUSION*

[¶17]  The district court correctly concluded Mr. Stevenson was not entitled to credit for time he spent on probation when he was resentenced in a probation revocation proceeding. We affirm.

---

[1] Mr. Stevenson relies, in part, on the statutes for credit to parolees.  A parolee is a prisoner or an inmate of an institution who has been granted parole.  Wyo. Stat. Ann. § 7-13-401(a)(viii).  Mr. Stevenson was not a parolee at the time of sentencing.