# IN THE SUPREME COURT, STATE OF WYOMING

# 2024 WY 14

OCTOBER TERM, A.D. 2023

February 1, 2024

RICKY ALAN DEEPHOUSE,

Appellant
(Defendant),

v.                                                           S-23-0249

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Natrona County*
*The Honorable Daniel L. Forgey, Judge*

*Representing Appellant:*
        Ricky Alan Deephouse, pro se.

*Representing Appellee:*
        Bridget Hill, Wyoming Attorney General; Jenny L. Craig, Deputy Attorney General; Kristen R. Jones, Senior Assistant Attorney General.

*Before FOX, C.J., and KAUTZ, BOOMGAARDEN, GRAY, and FENN, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**GRAY, Justice.**

[¶1]   Ricky Alan Deephouse filed a pro se motion to correct an illegal sentence pursuant to W.R.Cr.P. 35(a). In his motion, he claimed he should have been charged with a lesser offense or the jury should have been instructed it could have convicted him of that lesser offense and that the trial court should have dismissed his case. The motion made no reference to the illegality of his sentence. The district court denied Mr. Deephouse's motion, and we affirm.

## *FACTS*

[¶2]   Mr. Deephouse was convicted of one count of third-degree sexual abuse of a minor. He was sentenced to a prison term of four to eight years. On direct appeal, this Court affirmed his conviction. *Deephouse v. State*, 2023 WY 37, 527 P.3d 1261 (Wyo. 2023), *cert. denied*, — U.S. —, 144 S.Ct. 246, 217 L.Ed.2d 112 (2023), *reh'g denied*, No. 23-5366, 2024 WL 156516 (U.S. Jan. 16, 2024). On June 29, 2023, Mr. Deephouse filed a motion to correct illegal sentence pursuant to W.R.Cr.P. 35(a). He asserted that the district court should have instructed the jury it had the option of finding him guilty on the lesser charge or it should have corrected his original charge to fourth-degree sexual abuse of a minor.[1] He also made due process and double jeopardy arguments. The district court denied his motion and this pro se appeal followed.

---

[1] Sexual abuse of a minor in the third degree is defined as:

> (a)   Except under circumstance constituting sexual abuse of a minor in the first or second degree as defined by W.S. 6-2-314 and 6-2-315, an actor commits the crime of sexual abuse of a minor in the third degree if:
>
> .   .   .
>
> > (iv)   Being seventeen (17) years of age or older, the actor knowingly takes immodest, immoral or indecent liberties with a victim who is less than seventeen (17) years of age and the victim is at least four (4) years younger than the actor.
>
> (b)   A person convicted under subsection (a) of this section is subject to imprisonment for not more than fifteen (15) years.

Wyo. Stat. Ann. § 6-2-316(a)(iv), (b) (LexisNexis 2023).

> Sexual abuse of a minor in the fourth degree is defined as:
>
> (a)   Except under circumstance constituting sexual abuse of a minor in the first, second or third degree as defined by W.S. 6-2-314 through 6-2-316, an actor commits the crime of sexual abuse of a minor in the fourth degree if:
>
> .   .   .
>
> > (ii)   Being twenty (20) years of age or older, the actor engages in sexual contact with a victim who is either sixteen (16) or seventeen (17) years of age, and the victim is at least four (4) years younger than the actor, and the actor occupies a position of authority in relation to the victim.

## STANDARD OF REVIEW

[¶3]   "We review the denial of a motion to correct [reduce or modify a] sentence for an abuse of discretion.  However, we review de novo 'whether a sentence is illegal and whether res judicata bars a motion to correct an illegal sentence[.]'" *Best v. State*, 2022 WY 25, ¶ 5, 503 P.3d 641, 643 (Wyo. 2022) (internal citations omitted).

## DISCUSSION

[¶4]   Mr. Deephouse argues his sentence was illegal because the district court erred by allowing him to be convicted of third-degree sexual abuse when he should have been charged with fourth-degree sexual abuse of a minor.  He contends the trial court should have dismissed his case, or it should have instructed the jury that it could convict him of the lesser charge.[2]  The State contends Mr. Deephouse's arguments are not cognizable under a Rule 35(a) motion.  We agree with the State.

[¶5]   Rule 35(a) allows a court to correct an illegal sentence at any time.  W.R.Cr.P. 35(a). However,

> "We have been consistent in ruling that W.R.Cr.P. 35(a) does not serve as a vehicle for examination of errors occurring at trial or in other proceedings prior to the imposition of sentence." *Mead v. State*, 2 P.3d 564, 566 (Wyo. 2000) (citing cases).  We have explained:
>
> > A motion to correct an illegal sentence presupposes a valid conviction and may not be used to re-examine errors occurring at trial or other proceedings prior to the imposition of sentence.  Therefore, issues concerning the validity of a conviction will not be addressed in the context of a Rule 35 motion.  *State v. Meier*, 440 N.W.2d 700, 703 (N.D. 1989); 3 Charles Alan Wright, Federal Practice and Procedure: *Criminal* 2d § 582 (1982).
>
> *Evans* [*v. State*], 892 P.2d [796, 797 (Wyo. 1995)].

---

(b)      A person convicted under subsection (a) of this section is subject
to imprisonment for not more than five (5) years.
Wyo. Stat. Ann. § 6-2-317(a)(ii), (b).
[2] Mr. Deephouse also raises issues of vagueness and double jeopardy but fails to develop argument on them.

*Hicks v. State*, 2018 WY 15, ¶¶ 17–19, 409 P.3d 1256, 1260 (Wyo. 2018); *see also Dillard v. State*, 2023 WY 73, ¶ 14, 533 P.3d 179, 182 (Wyo. 2023), *cert. denied*, 144 S.Ct. 312 (2023), *reh'g denied*, No. 23-5514, 2024 WL 72457 (U.S. Jan. 8, 2024) ("issues concerning the validity of a conviction will not be addressed in the context of a Rule 35 motion" (quoting *Best*, ¶ 6, 503 P.3d at 643)).

[¶6]   Mr. Deephouse's contentions that the trial court should have dismissed his case, amended his charge, or instructed the jury on the lesser charge relate to his underlying conviction, not his sentence.  His arguments are not reviewable under Rule 35(a).  *See Dillard*, ¶ 14, 533 P.3d at 182; *Hicks*, ¶¶ 17–19, 409 P.3d at 1260.

## *CONCLUSION*

[¶7]   The district court properly denied Mr. Deephouse's Rule 35(a) motion.  Affirmed.