# THE SUPREME COURT, STATE OF WYOMING

# 2024 WY 24

### OCTOBER TERM, A.D. 2023

### March 1, 2024

NATHAN ALLEN DAVIS,

**Appellant**
**(Defendant),**

v.                                                          S-23-0220

THE STATE OF WYOMING,

**Appellee**
**(Plaintiff).**

*Appeal from the District Court of Sweetwater County*
*The Honorable Suzannah G. Robinson, Judge*

*Representing Appellant:*
    *Nathan Allen Davis*, pro se.

*Representing Appellee:*
    Bridget Hill, Attorney General; Jenny L. Craig, Deputy Attorney General; Kristen R. Jones, Senior Assistant Attorney General.

*Before FOX, C.J., and KAUTZ, BOOMGAARDEN, GRAY, and FENN, JJ.*

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third.  Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**FENN, Justice.**

[¶1]     Nathan Allen Davis pled guilty to ten counts of child pornography pursuant to a plea agreement.  The district court sentenced him to three distinct consecutive sentences.  The district court awarded Mr. Davis credit for 172 days of presentence confinement against his first consecutive sentence (Counts I through V) but not his second consecutive sentence (Counts VI through IX) or his third consecutive sentence (Count X).  Mr. Davis filed a motion to correct an illegal sentence claiming he was entitled to credit for time served against each consecutive sentence.  Mr. Davis appeals from the district court's order denying his motion to correct an illegal sentence.  We affirm.

## ISSUE

[¶2]     Is the sentence Mr. Davis received illegal because the district court awarded him 172 days of credit for presentence confinement against only one of his consecutive sentences?

## FACTS

[¶3]     Mr. Davis pled guilty to ten counts of possession of child pornography in November 2022.  In January 2023, the district court imposed three consecutive terms of imprisonment.  For Counts I through V, the district court sentenced Mr. Davis to four to six years per count, to be served concurrently (first consecutive sentence).  For Counts VI through IX, the district court sentenced Mr. Davis to four to six years per count, to be served concurrently to each other and consecutively to Counts I through V (second consecutive sentence).  For Count X, the district court imposed a suspended prison term of four to six years and three years of supervised probation to run consecutive to the other sentences (third consecutive sentence).

[¶4]     The district court found Mr. Davis spent 172 days in jail awaiting sentencing, and it credited this time against his first consecutive sentence but not his second and third consecutive sentences.  Mr. Davis did not appeal his sentence.  In June 2023, Mr. Davis filed a pro se *Motion for Time Served in Presentence Incarceration Under Rule 35a*.  The motion referenced Rule 35(a) of the Wyoming Rules of Criminal Procedure (W.R.Cr.P.), which allows a court to "correct an illegal sentence at any time."  Without citing any legal authority, he argued: "All time served prior to sentencing on all sentences imposed is to be credited by the court on all cou[n]ts."

[¶5]     The district court denied Mr. Davis's motion finding although Wyoming law requires credit be awarded for presentence confinement, "[w]hether a [c]ourt gives presentence confinement credit on 'more than one count of a consecutive sentence' is a discretionary decision of the [c]ourt, so long as the sentence is not illegal."  The district court found Mr. Davis received full credit for his presentence confinement when it awarded

1

the credit against his first consecutive sentence. Although the district court recognized it had the discretion to grant credit for presentence confinement toward the other consecutive sentences (Counts VI – IX and X), it chose not to do so. The district court concluded Mr. Davis's sentences were not illegal. This appeal timely followed.

## STANDARD OF REVIEW

[¶6] "We review the denial of a motion to correct[,] reduce[,] or modify a sentence for an abuse of discretion. However, we review de novo 'whether a sentence is illegal and whether res judicata bars a motion to correct an illegal sentence.'" *Deephouse v. State*, 2024 WY 14, ¶ 3, 542 P.3d 198, 199 (Wyo. 2024) (quoting *Best v. State*, 2022 WY 25, ¶ 5, 503 P.3d 641, 643 (Wyo. 2022)).

## DISCUSSION

[¶7] "An illegal sentence is a sentence which exceeds statutory limits, a sentence which imposes multiple terms for the same offense, or a sentence whose terms violate a constitution or law." *Cardenas v. State*, 925 P.2d 239, 240 (Wyo. 1996) (quoting *Ellett v. State*, 883 P.2d 940, 942 (Wyo. 1994)). A sentence is also illegal if it does not include proper credit for time served in presentence incarceration. *Cruzen v. State*, 2023 WY 5, ¶ 11, 523 P.3d 301, 304 (Wyo. 2023) (quoting *Newnham v. State*, 2021 WY 54, ¶ 3, 484 P.3d 1275, 1276 (Wyo. 2021)). "[W]hen consecutive sentences are ordered, the presentence credit for time served should be applied in such a way that the defendant receives credit against the total time of incarceration." *Palmer v. State*, 2016 WY 46, ¶ 14, 371 P.3d 156, 159 (Wyo. 2016). The sentencing order shall "[i]nclude a finding of all time served by the defendant in presentence confinement for *any* sentenced offense[.]" W.R.Cr.P. 32(c)(2)(E) (emphasis added). However, this "rule does not require that presentence confinement credit be given for *every* sentenced offense." *Palmer*, ¶ 13, 371 P.3d at 159 (emphasis added); *see also Cruzen*, 2023 WY 5, ¶ 17, 523 P.3d at 305. "In the case of concurrent sentences, the period of presentence confinement should be credited against each sentence." *Palmer*, ¶ 14, 371 P.3d at 159 (quoting *Schubert v. People*, 698 P.2d 788, 795 (Colo. 1985)). On the other hand, "allocating credit to one, but not more, of a defendant's consecutive sentences is proper." *Id.*

[¶8] The district court properly credited 172 days of presentence confinement against Mr. Davis's first consecutive sentence and chose not to grant him duplicate credit against his second and third consecutive sentences. This allocation ensured Mr. Davis received "full credit for the actual time served against his total term of imprisonment." *Cruzen*, ¶ 17, 523 P.3d at 305 (quoting *Palmer*, ¶ 14, 371 P.3d at 159). Mr. Davis's sentences are not illegal.

## CONCLUSION

[¶9]    Mr. Davis received credit for the actual time served against his total term of imprisonment, and therefore, his sentence is legal.  Affirmed.